# NOTICE OF REMOVAL
# EXHIBIT A

DOCUMENT 1

ELECTRONICALLY FILED
11/10/2021 4:16 PM
55-CV-2021-900104.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
JAMIE NEELEY SCARBROUGH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>55<br><br>Date of Filing:<br>11/10/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA
### SHEQUETHA MCKENZIE v. WALGREEN CO., INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**    A ☐ **APPEAL FROM DISTRICT COURT**    O ☐ **OTHER**

R ☐ **REMANDED**    T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
BUS028

11/10/2021 4:16:04 PM
Date

/s/ Anthony Brian Bush
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
11/10/2021 4:16 PM
55-CV-2021-900104.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
JAMIE NEELEY SCARBROUGH, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

Shequetha McKenzie,      )
                               )
    *Plaintiff,*          )
                               )
v.                          )    Civil Action No.:_____
                               )    JURY TRIAL DEMANDED
Walgreen Co., Inc.,        )
and Fictitious Parties A, B, C, D, E and F,  )
whose real and proper identities are  )
unknown at present,       )
                               )
    *Defendants.*       )

## COMPLAINT

**COMES NOW** the Plaintiff, Shequetha McKenzie ("Mckenzie"), against the above-captioned Defendants, Walgreen Co., Inc., and Fictitious Parties A, B, C, D, E and F, and would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. Pursuant to 6-3-2(a)(3), <u>Ala. Code (1975)</u>, venue is proper in Pike County, Alabama, because the underlying act or omission, *i.e.* the incident described herein below, occurred within Pike County. Furthermore, the amount sought by McKenzie is within the jurisdictional limits of the Circuit Courts of the State of Alabama.

## PARTIES

2. Plaintiff, Shequetha McKenzie, is a citizen of the United States of America and the State of Alabama, is over the age of 19 years at the filing of this action, and is and at all times material hereto was a resident of Pike County, Alabama.

3. Defendant, Walgreen Co., Inc., is a foreign corporation, has a principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015, and is an entity responsible for McKenzie's

injuries. Defendant has a location in Troy, Alabama which is the situs of the acts complained of herein.

4.    Fictitious Defendants A, B, C, D, E and F are individuals, insurance companies, general partnerships, limited partnerships, corporations, limited liability companies and/or other entities and/or legal entities who:

a.  insure(d) McKenzie or maintain(ed) a contractual relationship with the Mckenzie; and/or

b.  insure(d) Defendants or maintain(ed) a contractual relationship with Defendants; and/or

c.  owe or have liability to McKenzie for claims made as a result of the accident and injury made the subject of this matter; and/or

d.  are responsible, in any way, directly or indirectly, for the subject accident and resulting injuries to McKenzie, whether by direct or indirect involvement, by virtue of premises ownership, maintenance, management, and/or marketing, or by virtue of being an insurer; and/or

e.  make claim to subrogation rights in contract or equity; and/or

f.  are and/or were involved, directly or indirectly, as a contractor, material supplier, or in any other related capacity, with the construction, maintenance, management and/or advertising related to the real property upon which the subject accident occurred.

## RELEVANT FACTS

5.    McKenzie incorporates herein the allegations above.

6.  On or around November 12, 2019, McKenzie visited Defendant's facility in Troy, Alabama.

7.  McKenzie began pushing a shopping cart across the parking lot to Defendant's facility.

8.  The shopping cart, at the location of its front wheels, became lodged against the concrete pad and/or concrete area designated for handicapped parking, caused the cart to abruptly come to a halt, and therefor caused McKenzie's body to strike the halted cart and propelled her against and/or over the cart.

9.  The concrete pad and/or concrete area is at or near the front entrance of the facility, is significantly higher in elevation than the surrounding and adjacent areas, and is of approximately the same color as the surrounding and adjacent areas.

10. The significant elevation difference between the concrete pad and/or concrete area is not marked or identified as being dangerous, defective and/or hazardous – despite the fact that the same is dangerous, defective and hazardous.

11. As a result of the incident, McKenzie suffered severe injuries which required extensive medical care.

12. Based upon information and belief, Defendants either or should have known of the condition with the elevation difference.

13. Based upon information and belief, Defendants, with actual or constructive knowledge of the elevation difference, failed to warn of the dangerous, defective and hazardous condition and/or failed to repair the condition.

14. Defendants acted negligently and wantonly as set forth herein above.

15. As a result of Defendants' negligence and wantonness, McKenzie was severely injured and caused to undergo extensive medical care.

16.     McKenzie seeks actual, compensatory and punitive damages from Defendants.

## CAUSES OF ACTION

17.     As to each cause of action, McKenzie expressly adopts, as if fully set forth therein, each

of the allegations set forth herein above.

## COUNT I – NEGLIGENCE

18.     On the aforesaid date and time, Defendants acted with negligence as more so described

herein above.

19.     Defendants acted negligently by failing to undertake the acts necessary to correct and/or

repair the dangerous, defective and hazardous condition.

20.     Defendants acted negligently by failing to warn of the dangerous, defective and/or

hazardous condition.

21.     As a direct and proximate result of Defendants' negligence, McKenzie was seriously

injured, has suffered great physical pain and suffering from then until now and is

reasonably expected to continue to suffer such pain and suffering into the future.

22.     McKenzie has suffered emotional distress and mental anguish, a diminution in physical

capability, economic damages, loss of enjoyment of life and other hedonic damages.

## COUNT II - WANTONNESS

23.     On the aforesaid date and time, Defendants acted with wantonness as more so described

herein above.

24.     As set forth herein, Defendants acted intentionally, recklessly, and with a conscious

disregard for the safety and protection of McKenzie.

25. As a direct and proximate result of Defendants' negligence, McKenzie was seriously injured, has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future.

26. McKenzie has suffered emotional distress and mental anguish, a diminution in physical capability, economic damages, loss of enjoyment of life and other hedonic damages.

## COUNT III – NEGLIGENCE PER SE

27. On the aforesaid date and time, Defendants acted with negligence as more so described herein above.

28. McKenzie is a member of a class of persons for which the building code, statute and/or an ordinance was enacted to protect.

29. McKenzie's injury is the type of injury contemplated by the building code, statute and/or ordinance.

30. Defendants have violated the building code, statute and/or ordinance.

31. Defendants' violation caused McKenzie's injury.

32. As a direct and proximate result of Defendants' negligence per se, McKenzie was seriously injured, has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future.

33. McKenzie has suffered emotional distress and mental anguish, a diminution in physical capability, economic damages, loss of enjoyment of life and other hedonic damages.

## COUNT IV – FICTITIOUS DEFENDANTS

34. Plaintiff seeks damages against Fictitious Defendants A, B, C, D, E and F for said Defendants' negligence, wantonness and negligence per se.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, McKenzie demands judgment against Defendants, jointly and severally, in a sum deemed fit by the jury to include actual, compensatory and punitive damages in an amount yet to be ascertained, costs, interest and any other and further relief this Court deems just and proper to compensate McKenzie for her injuries and damages.

**RESPECTFULLY SUBMITTED** on this the 10th day of November 2021.

### PLAINTIFF DEMANDS TRIAL STRUCK BY JURY

/s/ **Anthony B. Bush**
Anthony Brian Bush (BUS028)
The Bush Law Firm, LLC

**OF COUNSEL:**
The Bush Law Firm, LLC
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone: (334) 263-7733
Fax:    (334) 832-4390
Email: abush@bushlegalfirm.com
         anthonybbush@yahoo.com

**OF COUNSEL:**
Gartlan Injury Law, LLC                    /s/ **Aaron Gartlan**
P.O. Box 5508                              Aaron Gartlan (GAR072)
408 South Foster Street                    Gartlan Injury Law, LLC
Dothan, Alabama 36301
(334) 699-4625 Phone
(334) 699-3947 Fax
Aaron@gartlaninjurylaw.com



AlaFile E-Notice

55-CV-2021-900104.00

To:  Anthony Brian Bush
     anthonybbush@yahoo.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

SHEQUETHA MCKENZIE V. WALGREEN CO., INC.
55-CV-2021-900104.00

The following complaint was FILED on 11/10/2021 4:16:14 PM

Notice Date:       11/10/2021 4:16:14 PM

JAMIE NEELEY SCARBROUGH
CIRCUIT COURT CLERK
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL, 36081

334-566-4622
jamie.scarbrough@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>55-CV-2021-900104.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA**
**SHEQUETHA MCKENZIE V. WALGREEN CO., INC.**

**NOTICE TO:** WALGREEN CO., INC., 200 WILMOT ROAD, DEERFIELD, IL 60015

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Anthony Brian Bush

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3198 Parliament Circle 302, Montgomery, AL 36116

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHEQUETHA MCKENZIE
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/10/2021 | /s/ JAMIE NEELEY SCARBROUGH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ Anthony Brian Bush
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*                     *(Name of County)*

Alabama on _____.
                     *(Date)*

<br>

_____          _____
*(Address of Server)*

_____          _____
*(Type of Process Server)*                *(Server's Signature)*

_____          _____
                     *(Server's Printed Name)*                *(Phone Number of Server)*

DOCUMENT 5

ELECTRONICALLY FILED
11/11/2021 8:39 AM
55-CV-2021-900104.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
JAMIE NEELEY SCARBROUGH, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| SHEQUETHA MCKENZIE,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WALGREEN CO., INC., and  )<br>Fictitious Parties A, B, C, D,<br>E and F whose real and proper<br>Identities are unknown at<br>present,<br><br>Defendants. | CASE NO.: 55-CV-2021-900104.00 |

## ENTRY OF APPEARANCE

COMES NOW, Aaron Gartlan, and enters his appearance on behalf of the Plaintiff, Shequetha McKenzie.

Respectfully submitted,
**/s/Aaron Gartlan (GAR072)**
Attorney for Defendant
Gartlan Injury Law
P.O. Box 5508
408 South Foster Street
Dothan, Alabama 36302
(334) 699-4625 Phone
(334) 699-3947 Fax
Aaron@gartlaninjurylaw.com

## CERTIFICATE OF SERVICE

I certify that on November 11, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered with the efile system.

/s/Aaron Gartlan
Aaron Gartlan



**AlaFile E-Notice**

55-CV-2021-900104.00

To: Aaron Gartlan
Aaron@HoggGartlanLawFirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

SHEQUETHA MCKENZIE V. WALGREEN CO., INC.
55-CV-2021-900104.00

The following NOTICE OF APPEARANCE was FILED on 11/11/2021 8:39:42 AM

Notice Date:     11/11/2021 8:39:42 AM

JAMIE NEELEY SCARBROUGH
CIRCUIT COURT CLERK
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL, 36081

334-566-4622
jamie.scarbrough@alacourt.gov

ELECTRONICALLY FILED
12/9/2021 10:54 AM
55-CV-2021-900104.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
JAMIE NEELEY SCARBROUGH, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

SHEQUETHA MCKENZIE,                      )
                                         )
    Plaintiff,                       )
                                         )
v.                                       )          Case No.: CV2021-900104
                                         )
                                         )
WALGREEN CO., INC.                       )
                                         )
    Defendant.                       )

## ANSWER AND
## JURY DEMAND

Comes now the Defendant Walgreen Co., a corporation, incorrectly designated in the Complaint as Walgreen Co., Inc. and by way of answer to Plaintiff's Complaint says as follows:

1.    If the accident referred to in the Complaint did occur in Pike County, Defendant admits the allegations of paragraph one of the Complaint.

2.    Defendant does not have sufficient information to admit or deny this allegation.

3.    Walgreen Co., a corporation is incorrectly designated in this paragraph, and it denies that it was responsible for the injuries sustained by Ms. McKenzie.

4.    No response is necessary.

5.    No response is necessary.

6. Defendant does not have sufficient information to admit or deny this allegation.

7. Defendant does not have sufficient information to admit or deny this allegation.

8. Defendant does not have sufficient information to admit or deny this allegation.

9. Defendant does not have sufficient information to admit or deny this allegation.

10. Defendant does not have sufficient information to admit or deny this allegation. Such alleged condition would be open and obvious to anyone in the exercise of ordinary care.

11. Defendant does not have sufficient information to admit or deny this allegation.

12. Defendant does not have sufficient information to admit or deny this allegation. If in fact there was an elevation change, the same would have been open and obvious to anyone in the exercise of ordinary care.

13. Defendant does not have sufficient information to admit or deny this allegation. If in fact there was an elevation change, the same would have been open and obvious to anyone in the exercise of ordinary care.

14.     Defendant denies it was guilty of any negligence or wanton misconduct as alleged in the Complaint.

15.     Defendant does not have sufficient information to admit or deny the allegations of this paragraph.

16.     No response is necessary.

17.     No response is necessary.

18.     Defendant denies it was guilty of any negligence that caused or contributed to cause the accident.

19.     Defendant denies it was guilty of any negligence that caused or contributed to cause the accident.

20.     Defendant denies it was guilty of any negligence that caused or contributed to cause the accident.

21.     Defendant denies it was guilty of any negligence that caused or contributed to cause the accident.

22.     Defendant admits that its legal obligation is to furnish premises in a reasonably safe condition, and there is no duty to warn of an open and obvious condition.

23.     Defendant denies it was guilty of any wanton misconduct that caused or contributed to cause the accident.

24.    Defendant denies that it was guilty of any intentional or reckless disregard for the safety of Plaintiff and any of its invitees.

25.    Defendant does not have sufficient information to admit or deny the allegations of this paragraph.

26.    Defendant does not have sufficient information to admit or deny the allegations of this paragraph.

27.    Defendant denies it was guilty of any negligence.

28.    Defendant does not have sufficient information to admit or deny the allegations of this paragraph, but if there is a claim as to the violation of any building code at the building where this accident happened, Defendant denies such allegation.

29.    Defendant does not have sufficient information to admit or deny the allegations of this paragraph.

30.    Defendant denies it violated any building code or ordinance.

31.    Defendant does not have sufficient information to admit or deny the allegations of this paragraph.

32.    Defendant denies it was guilty of any "negligence per say."

33.    Defendant does not have sufficient information to admit or deny the allegations of this paragraph.

34.    No response is necessary.

## AFFIRMATIVE DEFENSES

1.     Defendant denies it was guilty of any negligence that caused or contributed to cause the Plaintiff's accident.

2.     Plaintiff was guilty of contributory negligence which proximately contributed to her own accident and injuries.

3.     Plaintiff assumed the risk of injury by her conduct on the date and at the place referred to in the Complaint.

4.     Defendant denies it was guilty of any wanton misconduct that caused or contributed to cause the Plaintiff's accident.

5.     The condition Plaintiff claims of being defective is one that was open and obvious to anyone in the exercise of ordinary care.

6.     Defendant denies that it violated any building code or any other statute or ordinance in maintaining the building where the accident happened.

7.     Defendant denies the nature and extent of the injuries as alleged by the Plaintiff.

8.     Plaintiff's medical expenses have been paid for by a collateral source in an amount less than the amount as billed.

9.     Defendant Walgreen Co., a corporation reserves the right to add any further or additional defenses that discovery might reveal to be available.

Date: December 9, 2021

s/Jay Clark
John W. Clark, Jr.
Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama   35242
205-397-2900
E: jclark@chslaw.com

*Attorney for Defendant Walgreen Co.*

## DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES HEREIN

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non e-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

Anthony B. Bush
The Bush Law Firm, LLC
3198 Parliament Circle 302
Montgomery, AL 36116
334-263-7733
E:    absuth@bushlegalfirm.com
      anthonybbush@yahoo.com

Aaron Gartlan
Gartlan Injury Law, LLC.
408 South Foster Street
Dothan, AL 36301
334-699-4625
E:    aaron@gartlaninjury.com

s/Jay Clark
Of Counsel